# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1896V**
Filed: May 29, 2026

| |
|---|
| COURTNEY GRAHAM,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. |

Special Master Horner

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Debra A. Filteau Begley,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 10, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged she suffered a Shoulder Injury Related to Vaccine Administration in her right shoulder following an influenza vaccination that she received on December 13, 2017. (*Id.*) Following a hearing, on May 1, 2025, I issued a decision awarding damages. (ECF No. 94).

On November 28, 2025, petitioner filed a motion for attorneys' fees and costs. (ECF No. 99.) ("Fees App."). Petitioner requests attorneys' fees in the amount of $98,666.70 and attorneys' costs in the amount of $7,523.26. Fees App. at 1. Pursuant to

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

General Order No. 9, petitioner certified that she incurred $2,275.83 in travel expenses related to the prosecution of her petition. *Id.* at 2. Thus, the total amount requested is $108,465.79. On February 11, 2026, respondent filed a response to petitioner's motion. (ECF No. 100.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent objected to an unexplained charge of $194.80 regarding petitioner's personal out-of-pocket expenses. *Id.* at 3. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. He "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner filed a reply on February 18, 2026, (ECF No. 101), wherein, she provided an itemized receipt from the Mayflower Hotel, to substantiate the unexplained charge, indicating that this expense was incurred for "a meal while traveling to participate in the Damages Hearing held on April 8, 2025, for petitioner and her relative and travel companion." *Id.* at 1.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following hourly rates of compensation for her attorneys: for Ms. Leah V. Durant ("LVD"), $377.00 for 2018, $380.00 for 2019, $395.00 for 2020, $420.00 for 2021, $441.00 for 2022, $463.00 for 2023, $486.00 for 2024, and $530.00 for 2025; for Ms. Summer Abel ("SA"), $260.00 for 2020; for Mr. Mike Milmoe ("MM"), $525.00 for 2022, $553.00 for 2023, $584.00 for 2024, and $627.00 for 2025; for Chirstopher Williams ("CW"), $325.00 for 2021, $341.00 for 2022, $358.00 for 2023, and $376.00 for 2024, and for Mr. Iain McLeod ("IM") $395.00 for 2025. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. I have identified several billing entries reflecting tasks considered administrative in nature, such as filing documents and preparing medical records and evidence for filing.[3] Many of these administrative entries appear to

---

[3] Some examples of billing entries reflecting administrative tasks: 12/26/18: "review and prepare evidence. Draft and file Notice of Filing. File medical records as Exhibits (0.50)." 3/18/19 (two entries): "Prepare evidence for filing; Review and prepare evidence. Draft and file Notice of Filing. File medical records as Exhibits," (0.50 hours combined)." 5/20/19: "Review and prepare evidence. Draft and file Notice of Filing. File medical records as Exhibits (0.20)." 6/27/19 (two entries): "Review and prepare evidence. Draft and file Notice of Filing. File medical records as Exhibits. Review case file. Draft and file Status Report," (0.40 hours combined). See also additional dated entries reflecting the same administrative tasks of filing documents:

have been billed together with paralegal and/or attorney level work within the same entry, making it difficult to decipher the amount of time counsel expended on paralegal tasks versus administrative work. Although counsel properly applied a reduced rate for paralegal-level work, counsel should note that secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Likewise, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[4] Accordingly, **I hereby apply a *five* percent reduction to the fees, to account for this issue.**

Petitioner is therefore awarded final attorneys' fees of **$93,733.37.**

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $7,523.26 in attorneys' costs, comprised of acquisition of medical records, postage, the Court's filing fee, medical review by Timothy Hancock, and vocational expert services provided by Labor Market Consulting Services 16.3 hours, at $200.00 per hour, totaling $3,260.00. *See* Fees App. Ex. 2.

I have reviewed the costs and finds them to be largely reasonable; however, a small reduction is required. Labor Market Consulting Services billed $200.00 to "Open File." *See* Fees App. Ex. B at 56. Like attorneys' fees, expert billing for clerical and other secretarial work is also not permitted. Special Masters have previously deducted from attorneys' costs for expert billing entries deemed to be unsubstantiated or administrative in nature. *See, e.g., Schettl v. Sec'y of Health & Human Servs.*, No. 14-422V, 2022 WL 2912666, at * 4 (Fed. Cl. Spec. Mstr. June 30, 2022) (deducting a $400.00 "File set up fee" from the life care planner's costs); *Matnzer v. Sec'y of Health & Human Servs., No. 22-323V, 2025 WL 1453581*, at *3 (Fed. Cl. Spec. Mstr. Mar. 27, 2025) (finding that the vocational expert's charge for "Open File" had not been substantiated); *Nosches v. Sec'y of Health & Human Servs.*, No. 16-1657V, 2019 WL 1149944, at *3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019) (finding that there was insufficient information to establish the purpose and reasonableness of a $400.00 "File set up fee"). This results in a reduction of **$200.00**. Petitioner is therefore awarded final attorneys' costs of $7,323.26.

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner states that personal costs were incurred in the amount of $2,275.83, comprised of travel-related expenses including flights,

---

6/10/20, 9/11/20, 10/26/20, 12/14/20, 2/12/21, 3/15/21, 5/14/21 (two entries), 7/15/21, 9/16/21, 10/18/21, 6/27/22, 7/29/22, 9/12/22, 10/13/22, 5/15/24, 6/20/24, 9/23/24, 3/31/25, 5/28/25. See Fees App. Ex. 1.

[4] See Guidelines for Practice at 76:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

lodging, ground transportation, and meals for herself and her husband to attend the Damages Hearing held on April 8, 2025. Fees App. Ex. 2 at 18-27. Some of these costs require reduction.

First, the meals and incidentals rate for April 2025 in Washington, D.C. was $69.00 for the first and last day of travel, and then $92.00 per day.[5] According to petitioner's hotel receipt, on April 7, 2025, there was a charge to the room for "EDGAR" (the restaurant at petitioner's hotel) for $194.80. Ex. 2 at 23. As this was the first day of travel, petitioner and her husband were allotted a combined $138.00 for meals and incidentals on April 7, 2025. Accordingly, petitioner's expenses will be reduced by **$60.80**, the amount in excess the per diem.

Additionally, petitioner billed $135.16 for dinner on the evening of April 8, 2025, at P.F. Changs. Fees App. Ex. 2 at 27. This receipt contains purchases of alcohol[6] and "[t]he Vaccine Program does not reimburse for alcoholic beverages." *Van Vessem v. Sec'y of Health & Human Servs.*, No. 11-132V, 2018 WL 3989517, *11 (Fed. Cl. Spec. Mstr. July 3, 2018). This results in a further reduction of **$9.00**.

Accordingly, petitioner is therefore awarded personal costs in the amount of **$2,206.03.**

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows:

1) **a lump sum in the amount of $101,056.63, representing reimbursement for petitioner's attorneys' fees, litigation costs and petitioner's out-of-pocket expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

2) **a lump sum in the amount of $2,206.03, representing reimbursement for petitioner's costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[7]

---

[5] See GSA FY 2025 Per Diem Rates and Meals and incidental expenses (M&IE) rates for Washington, DC at https://www.gsa.gov/travel/plan-book/per-diem-rates.

[6] Petitioner correctly removed the charge for one of the alcoholic beverages; however, a charge remained for an Angry Orchard 12 oz. bottle. *See* Fees App. Ex. 2 at 27.

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master